IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JUDY SMITH, | * |
| Plaintiff, | * |
| v. | * CASE NO.: CV-13-622 |
| CHECK SECURITY ASSOCIATES, LLC, | * |
| Defendant. | * |

## COMPLAINT

**COMES NOW** Plaintiff, Judy Smith, (hereafter "Plaintiff") by counsel, and for her Complaint against the Defendant, alleges as follows:

### PRELIMINARY STATEMENT

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), in connection with Defendant's attempts to collect a debt from Plaintiff. This action also includes state law claims arising from the same set of fact and as to which this Court has supplemental jurisdiction.

### JURISDICTION

1. This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1367.

### PARTIES

2. The Plaintiff is a natural person and resident of the Mobile County, Alabama. She is a "consumer" as defined by 15 U.S.C. § 1692a(3).

3.      Defendant Check Security Associates, LLC ("CSA"), is a corporation outside of the State of Alabama and has its principal place of business in New York. CSA is a "debt collector" as defined by the 15 U.S.C. § 1692a(6).

## FACTS

4.      In June 2011, Plaintiff obtained a payday loan from "Check 'n Go" in Mobile. After making several payments, "Check 'n Go" claimed she was delinquent and referred the account to NAS, a third party debt collector.

5.      The loan was taken for personal/family and/or household purposes and constitutes a "debt" as defined in 15 U.S.C. 1692(5).

6.      In May 2013, NAS Contacted Plaintiff in an attempt to collect money allegedly owed to "Check 'N Go." NAS's collectors told Plaintiff that unless she made an immediate payment, legal papers would be served on her by the Sheriff at either her place of employment or at home. Believing that failing to pay would result in a lawsuit and a Sheriff coming to her workplace or home to serve papers, Plaintiff agreed to pay $1,800 in full settlement of the alleged debt. She processed that payment from her debit card and the funds were immediately extracted from her checking account. Plaintiff assumed the matter was over.

7.      Shortly thereafter she made the payment, Plaintiff received a phone call from another collector who claimed she owed in excess of $3,000 on the "Check 'n Go" loan. The collector demanded immediate phone payment. When Plaintiff asked the collector to identify himself and his company, he refused and hung up.

8.      In October 2013, Plaintiff began receiving calls from Defendant CSA. The CSA collector

demanded the full payment of the alleged "Check 'n Go" debt (in excess of $3,500.00) and told Plaintiff that failure to make immediate payment would result in additional charges and an outstanding balance of over $5,000.00. One CSA collector told her that her failure to pay was a "criminal" matter. The CSA collector also stated that there was no record of the $1,800.00 settlement, or even that a payment of $1,800 had been made. CSA insisted that she owed the entire amount and that if she wanted her $1,800.00 back she would need to contact either NAS or her bank.

9. At no time did Defendant provide any written disclosure to Plaintiff containing the information required by the FDCPA.

## COUNT ONE
### (Fair Debt Collections Practices Act Violations)

10. Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

11. This is a claim asserted against Defendant CSA for multiple violations of the FDCPA.

12. Defendant CSA is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6). The alleged debt which CSA attempted to collect from Plaintiff is a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

13. Defendant has violated the FDCPA in connection with its attempts to collect on an alleged consumer debt. Defendant's violations include, but are not limited to, the following:

   A. Engaging in communication with Plaintiff, the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt. This is a violation of 15 U.S.C. § 1692d.

   B. Making repeated attempts to collect upon a debt prior to notifying Plaintiff that she has the right to dispute the validity of the debt and the right to request written verification of the

debt as required by 15 U.S.C. § 1692g(a);

C. Attempting to collect amounts which are not authorized by any contract or permitted by law. This is a violation of 15 U.S.C. § 1692f(1);

D. The use of false representation and/or deceptive means to collect or attempt to collect a debt. 15 U.S.C. § 1692e(10);

E. Making attempts to collect, including threats of litigation and initiating litigation, on a debt which Defendant knew or should have known has no basis in law or fact. This is a violation of 15 U.S.C. §§ 1692f and 1692e(2)(A).

F. Attempting to collect a debt by use of threats of future actions which Defendant could not take or had no intention of taking in violation of 15 U.S.C. § 1692e(5);

G. Attempting to collect a debt by use of false, deceptive and/or misleading statements aimed at coercing the Plaintiff to pay the debt in violation of 15 U.S.C. § 1692e;

H. Placement of telephone calls without meaningful disclosure of caller's identity in violation of 15 U.S.C. § 1692d(6);

14. All of the actions taken by CSA in violation of the FDCPA occurred within one year of the filing prior to this action.

15. As a proximate result of CSA's violations of the FDCPA, Plaintiff has suffered actual damages, including mental and emotional pain, distress and anguish, humiliation and embarrassment, as well as damages to her credit and reputation.

16. As a result of its violations of the FDCPA, Defendant is liable to Plaintiff for compensatory damages, statutory damages, costs and attorneys fee, and for declaratory judgment that Defendant's conduct violated the FDCPA.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant NAS for the following:

4

A. Actual damages, including damages for mental and emotional pain, distress and anguish, humiliation and embarrassment, as well as damages to her credit and reputation;

B. Statutory damages pursuant to 15 U.S.C. § 1692k;

C. Declaratory judgment that CSA's conduct violated the FDCPA;

D. Costs and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k;

E. Such other and further relief as this Court deems just and proper, the premises considered.

## COUNT TWO
### (Negligence)

17. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

18. The actions taken by the Defendant in attempting to collect the alleged debt against Plaintiff constitute negligence. Plaintiff suffered damage as a proximate result of Defendant's negligence.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for negligence and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT THREE
### (Wantonness)

19. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

20. The actions taken by the Defendant in attempting to collect the alleged debt against Plaintiff constitute wantonness. Those actions were made with a wanton, reckless or conscious disregard for Plaintiff's rights and well-being. Plaintiff suffered damage as a proximate result of Defendant's wantonness.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for

wantonness and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

**TRIAL BY JURY IS DEMANDED.**

_____
KENNETH J. RIEMER (RIEMK8712)
Attorney for Plaintiff
Post Office Box 1206
Mobile, Alabama 36633
Telephone: (251) 432-9212
E-mail: kjr@alaconsumerlaw.com

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:**

Check Security Associates, LLC
4246 Ridge Lea, Suite 64
Amherst, NY 14226

6